**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

Eliezar Montero Alcantara,              :
                 Plaintiff,     :
                              :
            v.                 :     Civil No.: 2:26-cv-02226
                              :
J.L. JAMISON, et al.,              :
                 Defendants.    :

---

**ORDER**

**AND NOW**, this 9th day of April, 2026, upon consideration of the Verified Petition for

Writ of Habeas Corpus (ECF No. 1) and Respondents' Letter Brief Answer (ECF No. 3), **IT IS**

**HEREBY ORDERED** as follows:

     1.        The Petition (ECF No. 1) is **GRANTED**;[1]

---

[1] Petitioner states that he fled his country of birth, the Dominican Republican, and entered the United States on or about November 29, 2024. *See* ECF No. 1 ¶ 17. Shortly after entering, he was countered by Department of Homeland Security ("DHS") officers, who detained and processed Petitioner and released him. *See id.* ¶ 18. While in the United States, Petitioner has lived in Pennsylvania and New Jersey. *See id.* During his time in the United States, Petitioner has complied with all the conditions of his removal proceedings and immigration released, including attending his scheduled check in appointments with ICE and he filed an application for asylum. *See id.* ¶ 20. On April 3, 2026, Petitioner was arrested when he attended a routine ICE check-in. *See id.* ¶ 2.

The Government argues that the Petition for Writ of Habeas Corpus should be denied because Mr. Montero Alcantara is lawfully detained pursuant to 8 U.S.C. § 1225(b). According to the Government, Petitioner was originally placed in expedited removal after entering the U.S. When he expressed fear of returning to his home country, DHS moved him into standard removal proceedings under 8 U.S.C. § 1229(a) and temporarily paroled him into the U.S. under 8 U.S.C. § 1182(d)(5). The Government further contends that parole has now ended, and Petitioner has reverted to his status of mandatory detention under § 1225(b)(1). *See generally* ECF No. 3.

Because Petitioner was granted parole pursuant to 8 U.S.C. § 1182(d)(5), he is no longer subject to mandatory detention under 8 U.S.C. § 1225(b). If the Government terminates parole granted under Section 1182(d)(5), it must first provide written notice of its determination that the purpose of parole has been served or that "neither humanitarian reasons nor significant public benefit warrants the continued presence of the alien in the United States." 8 C.F.R. § 212.5(e)(2)(i); *see*

2.       Mr. Montero Alcantara is not subject to mandatory detention under 8 U.S.C. § 1225(b);

3.       The Government shall **RELEASE** Mr. Montero Alcantara from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than 5:00 p.m. ET on April 10, 2026;

4.       If the Government chooses to pursue re-detention of Mr. Montero Alcantara pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.; and

5.       The Clerk of Court is **DIRECTED** to **CLOSE** this case.[2]

BY THE COURT:

_/s/ John M. Gallagher_
JOHN M. GALLAGHER
United States District Court Judge

---

*Talabadze v. Rose*, No. 26-cv-360 (E.D. Pa. Jan. 30, 2026); *see also Sadykov v. Rose*, No. 2:26-cv-00086 (E.D. Pa. Jan. 16, 2026). The Government must also afford the parolee a meaningful opportunity to respond to any decision to terminate parole. Other courts within this District agree. *See Talabadze*, No. 26-cv-360 (Perez, J.); *Seminario-Marcos v. Jamison*, No. 26-cv-00421 (E.D. Pa. Feb. 6, 2026) (Kearney, J.); *Vargas-Quajada v. Jamison*, No. 26-cv-00914 (E.D. Pa. Feb. 17, 2026) (McHugh, J.); *Nawab Ali v. Jamison*, No. 26-cv-00729 (E.D. Pa. Feb. 19, 2026) (Quinones-Alejandro, J.); *Zavala Ulloa v. Jamison*, No. 26-cv-00813 (E.D. Pa. Feb. 20, 2026) (Marston, J.).

Accordingly, Mr. Montero Alcantara's mandatory detention without the opportunity for a bail hearing is unlawful.

[2] The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.